DARRELL BLOOMQUIST
1471 SOUTH 200 EAST
SALT LAKE CITY, UTAH 84115
Darrellbloomquist05@gmail.com
PH:(385)260-0624

_____

## US DISTRICT COURT
## DISTRICT OF UTAH

_____

| | |
|---|---|
| **Plaintiff,** | OBJECTION TO DEFENDANTS NOTICE |
| ] | OF WITHDRAW OF COUNCIL (TANNER |
| **Vs.** | WEAVER) AND LIMITED APPEARANCE |
| [ | OF COUNCEL (PETER J. STRAND) |
| **State of Utah** | Case No: 2:22-CV-00659-DAK-DBP |
| **Officer, Leonard Isaacson** | ] |
| **Chief, Mark J. Watkins** | Dale A Kimball. |
| **Nathan Simper** | Judge |
| **Kimberlee Kay** | |

_____

### OBJECTION TO NOTICE OF WITHDRAW OF COUNCEL(TANNER WEAVER)

**Plaintiff objects to Defendants Notice of withdraw of council (Tanner Weaver)**

1. Plaintiff objects to withdraw of council (TANNER WEAVER) Pursuant to FRCP DUCivR 83-1.4, To withdraw or substitute counsel, the withdrawing attorney must submit a motion for withdrawal or substitution of counsel along with a proposed order to the Court. **All motions to withdraw or substitute counsel must state the reasons for the application along with the name, address, and telephone number of the client.** If the withdrawing attorney has obtained the written consent of the client to withdraw, **the consent must be included with the motion,** and the motion may be submitted to the Court ex parte. Without written consent from the client, the attorney seeking to withdraw must serve the motion on the client and all parties of record or their attorneys. The motion must certify either that the client was notified in writing of the status of the case or that the client cannot be located. If a trial date has been set in the matter, an attorney of record may withdraw only under certain circumstances.

2. Plaintiff argues and objects to the Limited Appearance of Council Pursuit to FRCP 75(a)(2), Defendant State of Utah Attorney General (Peter J. Strand) entered Limited Appearance of Council on 11/02/2022 [10] Defendant clearly stated to the court in its Limited Appearance Pursuant to FRCP 75 Rule 75 - Limited Appearance(a) Purposes. An attorney acting pursuant to an agreement with a party for limited representation that complies with the Utah Rules of Professional Conduct may enter an appearance limited to **one** or more of the following purposes:**(a)(2) acting as counsel for a specific motion;**(b) Notice. Before commencement of the limited appearance the attorney shall file a Notice of Limited Appearance signed by the attorney and the party or, if permitted by the judge, orally announce the limited appearance on the record in a proceeding. The Notice shall **specifically describe the purpose and scope of the appearance** and state that the party remains responsible for all matters not specifically described in the Notice. The clerk shall enter on the docket the attorney's name and a brief statement of the limited appearance. The Notice of Limited Appearance and all actions taken pursuant to it are subject to Rule 11.

3. Defendant State of Utah (Peter J. Strand) of its Limited Appearance "for the sole purpose of filing Defendant's Motion to Quash Service" signed a WAIVER OF SERVICE and returned execution to the court on 2/14/2022 under reference (Strand, Peter), this act violates the FRCP 75 and subjects the act to Rule 11.*The Notice of Limited Appearance and all actions taken pursuant to it are subject to Rule 11.* This is in clear violation of Rule 11(b)(1)(2)(3)(4)

4. Plaintiff has provided clear evidence and Ruling by the Eight District Court judge on the constitutional violations and the falsification of evidence placed on the Plaintiff by the Defendants to identify the Rule 11(b)(1)(2)(3)(4) subjects, and request justice on the matter.

5. Plaintiff remands the Defendant with past entries of frivolous filings reminding the court of the unlawful Notice of Removal{1}{2}{3}{4}{5}{6}, in failing to include all defendants required by FRCP 1441(a), 1446, and raises notice to Defendants vague, ambiguous, compound and

confusing calls for speculation placed on the Rule of Law and the court in Defendants ANSWER[9] entered on 10/21/2022

6. Plaintiff also argues and objects to the court the fact that multiple attorney's entered the Complaint through the US District Court Electronic Case Filing System, raising concerns of Federalism in the redress of Notice of Removal, Notice of Appearance of Council (Tanner Weaver), and Limited Appearance of council (Strand, Peter), and the Eleventh amendment violations on the Plaintiff."respectfully" pstrand@agutah.gov, Shaunallen@agutah.gov, abueno@agutah.gov, chasityr@agutah.gov, fpratt@agutah.gov, Mchurch@pckutah.com, csmith@pckutah.com, ttran@pckutah.com, tweaver@pckutah.com

7. Plaintiff argues and objects to these addition of council pursuit to Rule DUCivR 83-1.4, and request the filing entrances of each additional member of council allowed by the court to enter the Plaintiffs complaint.

8. Plaintiff ask the court to be aware of the patterns of the the Defendant filings with the court, and how it follows a lack of constitutional restraint demonstrated by the Naples Police Departments instrumentalities in failure to *Mirandize* or properly report the issues on Police Reports, DUI Reports or Reports and Findings, violating Mr. BLoomquists constitutional rights as a citizen of the United States. These acts of also continually raise issues of Procedural due process and substantive due process protected by the fourteenth amendment, which states *"No state shall make or enforce any law which shall abridge the privileges of immunities of citizens of the United States, nor deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".*

Whereby, Plaintiff request the court to deny Defendants Notice of Withdraw of Council and recognize Defendants violation of its Limited Appearance until Honorable judgement is pass, plaintiff requests this for clear regards to Defendants violations of his constitutional rights.

### RELIEF REQUESTED

**Understanding the degree of Constitutional violations and wonton of force used against the Plaintiff and his acting authority, Plaintiff prays that this court recover compensatory, incidental, consequential, Nominal, Tort, statutory, and punitive damages in the amount of 10,000,000.00 dollars not including attorney's fees and court costs, and any other relief the court deem just and proper within the State of Utah and US district court of Utah (Central).**

Dated this day December 15, 2022                    /S/ Darrell Bloomquist

## CERTIFICATE OF SERVICE

I CERTIFY THAT I FILED WITH THE COURT AND AM SERVING A COPY OF THIS OBJECTION OF WITHDRAW OF COUNCEL (TANNER WEAVER) AND LIMITED APPEARANCE OF COUNCEL (PETER J. STRAND), VIA EMAIL TO:

MATHEW D. CHURCH
PLANT CHRISTENSEN AND KANELL
136 EAST SOUTH TEMPLE, SUITE 1700
SALT LAKE CITY, UTAH 84111
(801)363-7611
MCHURCH@PCKUTAH.COM
ATTORNEY FOR NAPLES POLICE


SALT LAKE ATTORNEY GENERAL
(PETER J STRAND) OF LIMITED APPEARANCE
160 EAST BRAODWAY
SALT LAKE CITY, UTAH 84111
PSTRAND@AGUTAH.GOV


INTAKE CLERK
U.S. DISTRICT COURT
351 S. WEST TEMPLE ST,
ROOM 1.100
SALT LAKE CITY, UTAH 84101
(801)524-6100


DATED THIS DAY DECEMBER 15, 2022          /S/ Darrell Bloomquist