IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **DARRELL BLOOMQUIST,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH, et. al.,**<br><br>Defendant. | **RULING & ORDER**<br><br>Case No. 2:22-cv-00659<br><br>United States District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

On November 9, 2022, this matter was referred to the undersigned from District Court Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.) Currently pending is Plaintiff Darrell Bloomquist ("Plaintiff" or "Mr. Bloomquist") Motion to Appoint Counsel ("Motion"). (ECF No. 34.)

As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), and the issue of appointment "is left to the sound discretion of the district court." *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994). When deciding whether to appoint counsel, the court studies a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal citation omitted). It is the applicant's burden to convince the court that his claim has sufficient merit to justify the appointment of counsel. *See McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

As the basis for his request, Mr. Bloomquist asserts that his claims have "legal viability" but the appointment of counsel is necessary due to his "medical condition." (ECF No. 35 at 3.)

1

Upon review, however, these arguments are insufficient to warrant appointment of counsel in a civil case and Plaintiff fails to meet his burden to justify the request. Applying the relevant factors, the court concludes that it is currently unclear if Mr. Bloomquist asserts a colorable claim and the nature of the factual issues or legal complexity is unknown. Further, as evidenced by his prolific filings and motions, Plaintiff demonstrates the ability to pursue his case *pro se*. Indeed, since the inception of this case, Plaintiff has filed over seven separate motions (ECF No. 19, ECF No. 34, ECF No. 36, ECF No. 37, ECF No. 45, ECF No. 49, ECF No. 58, ECF No. 61), moved for default judgment against Defendants (ECF No. 54) filed numerous objections (ECF No. 22, ECF No. 24, ECF 25, ECF No. 33) and provided his own exhibits to the Court (ECF No. 40.) Finally, Plaintiff's Motion does not provide information on his medical condition or explain how his condition is an impediment to his ability to proceed as a *pro se* litigant.

    Nonetheless, the court recognizes that counsel may subsequently become appropriate or necessary. Accordingly, the court DENIES Plaintiff's Motion without prejudice. (ECF No. 34.)

**IT IS SO ORDERED.**

    DATED:  January 13, 2023.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge