IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **DARRELL BLOOMQUIST,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH, et. al.,**<br><br>Defendant. | **RULING & ORDER**<br><br>Case No. 2:22-cv-00659<br><br>United States District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

On November 9, 2022, this matter was referred to the undersigned from District Court Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.) Since the case's inception, Plaintiff Darrell Bloomquist's ("Plaintiff" or "Mr. Bloomquist") has filed numerous motions. Plaintiff's currently pending motions are: Motions to Remand (ECF No. 19; ECF No. 36; ECF No. 63); Motion Objecting to Defendants' Answer and Motion for Judgment on the Pleadings (ECF No. 22); Motion Objecting to Defendants' Notice of Appearance of Counsel of Tanner Weaver (ECF No. 24); Motions For Default (ECF No. 25, ECF No. 37); Motion Objecting to Defendants' Notice of Withdrawal of Counsel (ECF No. 45); Motion Objecting to Notice of Change of Law Firm (ECF No. 49); Motion Objecting to Clerk's Order Denying Default (ECF No. 58); and Motion Objecting to Order to Propose Scheduling. (ECF No. 61.) Plaintiff's motions are addressed as set forth herein.

1

## PENDING MOTIONS

**Motions For Remand To State Court**[1]

Mr. Bloomquist's pleading alleges claims under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments. (ECF No. 6-1.) Given Plaintiff's federal claims, Defendants Leonard Issacson ("Issacson") and Mark Watkins ("Watkins") removed this action to federal court on October 14, 2022. (ECF No. 2); *see* 28 U.S.C. §§ 1441 and 1446. On November 21, 2022, December 5, 2022 and January 18, 2023, Mr. Bloomquist objected to the Naples City Defendants' removal. (ECF No. 19; ECF No. 36; ECF No. 63.)

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than a lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a)." Here, Plaintiff filed his motion opposing the October 14, 2022, removal on November 21, 2022---more than thirty days from the date the notice of removal was file. As a result, Plaintiff's objection is untimely and denied.

Additionally, Plaintiff argues removal was improper because all Defendants failed to consent. "[A]ll defendants <u>who have been properly joined and served</u> must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A)(emphasis added). When Defendants Issacson and Watkins filed their notice of removal, none of the Defendants had been properly served and consequently no consent by Defendants Kimberlee Kay ("Kay"), Nathan Simper ("Simper") and the State of Utah was required. *See Schmude v. Sheahan,* 198 F. Supp. 2d 964,

---

[1] The caption of Plaintiff's Motion is styled for the Third District Court and was stamped and dated by the Third District Court on October 18, 2022. (ECF No. 36.)

2

967 (N.D. Ill. Apr. 29, 2003) ("it is unnecessary for a removing defendant to obtain the consent of other defendants that have not been served.").

Service on Defendants Issacson, Watkins, Kimberlee Kay and Nathan Simper (collectively "Naples City Defendants") was effected on December 2, 2022, and the State of Utah accepted waiver of service on December 14, 2022. (ECF No. 38; ECF No. 43.) After service, neither the Naples City Defendants nor the State of Utah objected to removal and as a result there is no basis for remand to the state court. Accordingly, Plaintiff's Motions for Remand are DENIED. (ECF No. 19; ECF No. 36; ECF No. 63.)

### **Motion Objecting To Answer and For More Definite Statement**[2]

On November 22, 2022, Mr. Bloomquist filed a document entitled "Objection To Defendants['] Answer And Motion For Judgment On Plaintiff[']s Pleadings" seeking a "more [d]efinite [s]tatement" on the grounds that Defendants' answer is "[v]ague and [a]mbiguous, [c]ompound and [c]onfusing, and [ ] [c]all[s] for [s]peculation". (ECF No. 22 at 2.)

Federal Rule of Civil Procedure 12 allows a party to move for a more definite statement with regard to a pleading for which "a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are appropriate when a pleading is "unintelligible or confusing" and "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." *Mechler v. United States,* 2012 U.S. Dist. LEXIS 152023, at *3 (D. Kan. Oct. 23, 2012) (citations omitted). Where a responsive pleading is not required or permitted, a motion for more definite statement is inappropriate. *Gallagher v. England,* 2005 U.S. Dist. LEXIS 36199, at

---

[2] The caption of Plaintiff's Motion is styled for the Third District Court and the Motion was stamped and dated by the Third District Court on November 1, 2022.

*8 (D. Dec. 4, 2005) (*citing Armstrong v. Snyder,* 103 F.R.D. 96, 100 (E.D. Wis. 1984) (denying motion for a more definite statement of an answer)).

On September 13, 2022, Mr. Bloomquist filed his Complaint and on October 25, 2022, Naples City Defendants filed an Answer. (ECF No. 6-1; ECF No. 9.) Defendants' Answer did not contain any counterclaims. Under these circumstances, it is improper for Mr. Bloomquist, as the Plaintiff, to move for a more definite statement "because no responsive pleading is permitted to an answer consisting only of defenses and denials." *Id*. at *8. Plaintiff's Motion Objecting to Answer is DENIED. (ECF No. 22.)

### Motion Objecting To Appearance Of Counsel[3]

Plaintiff's Motion Objecting To Appearance by Tanner Weaver of Plant, Christensen and Kanell, on behalf of Naples City Defendants is DENIED as MOOT. (ECF No. 24.) Weaver withdrew as counsel for Defendants on December 14, 2022. (ECF No. 42.) At that time Weaver was removed from all mailings, notices, certificates of service and pleadings. Consequently, any challenge to his appearance as counsel for Defendants is no longer viable.

### Motions For Default Judgment Against Defendants[4]

While difficult to discern, Plaintiff appears to move for default judgment against Naples City Defendants for improperly removing the case to federal court prior to obtaining the consent of Defendant State of Utah. However, as discussed, only those Defendants "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.

---

[3] The caption of Plaintiff's Motion is styled for the Third District Court and the Motion was stamped and dated by the Third District Court on November 4, 2022. (ECF No. 24.)

[4] The caption of Plaintiff's Motions are styled for the Third District Court and were stamped and dated by the Third District Court on November 9, 2022 (ECF No. 25) and October 24, 2022. (ECF No. 37).

§ 1446(b)(2)(A). At the time of removal, the State of Utah had not been served and it was therefore not necessary for Naples City Defendants to obtain the State's consent.

In turn, Plaintiff also appears to move for default judgment against the State of Utah for failure to file a timely answer. As set forth on the docket, service was not properly effected on the State until it accepted waiver on December 14, 2022. (ECF No. 43.) Having accepted waiver, the State's answer or other response was not due until February 13, 2022, and the entry of default judgment for failure to timely answer is not appropriate. Accordingly, Plaintiff's Motions for Default are DENIED. (ECF No. 25; ECF No. 37.)

**<u>Motions Objecting To Withdrawal Of Counsel and Change Of Law Firm</u>**

On December 14, 2022, attorney Weaver filed a Notice of Withdrawal as counsel for the Naples City Defendants. (ECF No. 42.) In his Notice, Mr. Weaver stated that he was withdrawing from the case, but another attorney, Matthew Church, would continue to represent Defendants. Plaintiff objects to Weaver's withdrawal, claiming his disengagement violates the District of Utah's local procedural rules.

By filing a Notice of Withdrawal, an attorney "may withdraw from representing a party if the party continues to be represented by other counsel who has already entered an appearance." DUCivR 83-1.4(b). Here, Weaver properly filed a Notice of Withdrawal of Counsel for the Naples City Defendants and indicated that Defendants would be represented by attorney Church. Weaver's Notice complies with this District's local rules and Plaintiff's Motion Objecting to Withdrawal of Counsel is DENIED. (ECF No. 45.)

On December 16, 2022, attorney Church filed a Notice of Change of Firm indicating that he was no longer with the law firm Plant, Christensen & Kanell and requesting that all court filings be sent to his new firm, Manning, Curtis, Bradshaw & Bednar. (ECF No. 46.) Mr.

5

Church's Notice was consistent with the District of Utah's local rules requiring counsel to immediately notify the Clerk's Office of any changes in address, email or telephone number and Plaintiff's objection to the change of firm is DENIED. (ECF No. 49); *see* DUCivR83-1.4(e).

**Motion Objecting To Clerk's Order**

On December 30, 2022, the Clerk's Office denied Plaintiff's Motion and declined entry of default judgment against Naples City Defendants. (ECF No. 57.) Plaintiff objects to the Clerk's Order "on grounds of public safety" and presents several arguments related to the merits of his underlying case.

Upon review, Plaintiff offers no cognizable challenge to the Clerk's denial. Further, allowing the case to proceed will permit the court to address the merits of Mr. Bloomquist's case and Plaintiff may raise his arguments in that context. Accordingly, Plaintiff's Motion Objecting to Clerk's Order is DENIED. (ECF No. 58.)

**Motion Objecting To Order To Propose Schedule**

On January 10, 2021, the Court issued an Order to Propose Schedule encouraging the parties to work together to formulate a proposed Scheduling Order for submission to the Court. (ECF No. 60.) Plaintiff objects to the Order arguing it "shows signs of [denying him] procedural due process." (*Id.*)

Scheduling Orders are governed by Rule 16 of the Federal Rules of Civil Procedure and promote "careful pretrial management." 61 C. Wright, A. Miller & M, Kane, Federal Practice and Procedure § 1522.1 (1990); Fed. R. Civ. P. 16. Indeed, the purpose of a scheduling order is to permit orderly discovery and provide "deadlines for the parties to meet to ensure that a case progresses efficiently. . . ." *Doe v. AE Outfitters Retail Co.,* 2015 U.S. Dist. LEXIS 2222, at *12 (D. Md. Jan. 8, 2015). Contrary to Plaintiff's claim, the entry of a scheduling order will bolster

procedural safeguards and promote the "just, speedy and inexpensive" resolution of Plaintiff's case. *See* Fed. R. Civ. P. 1. For these reasons, Plaintiff's Motion Objecting to the Order is DENIED. (ECF No. 61.)

## **ORDER**

As set forth above, the Court ORDERS as follows:

1. Plaintiff's Motions for Remand are DENIED. (ECF No. No. 19; ECF No. 36; ECF No. 63.)

2. Plaintiff's Motion Objecting to Answer is DENIED. (ECF No. 22.)

3. Plaintiff's Motion Objecting to Notice of Appearance of Counsel is DENIED. (ECF No. 24.)

4. Plaintiff's Motions For Default Judgment are DENIED. (ECF No. 25; ECF No. 37.)

5. Motions Objecting to Withdrawal of Counsel and Change of Firm are DENIED. (ECF No. 45; ECF No. 49.)

6. Motion Objecting to Clerk's Order is DENIED. (ECF No. 58.)

7. Motion Objecting to Order to Propose Schedule is DENIED. (ECF No. 61.)

DATED: January 31, 2023.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge