IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **DARRELL BLOOMQUIST,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH, et. al.,**<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:22-cv-00659<br><br>United States District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

### INTRODUCTION

On October 14, 2022, the above entitled case was removed to federal court and the matter was referred to the undersigned by District Court Judge Dale A. Kimball. (ECF No. 2; ECF No. 15); *see* 28 U.S.C. § 636(b)(1)(B). Defendant State of Utah's ("Defendant" or "State of Utah") Motion to Dismiss and Plaintiff Darrell Bloomquist's ("Plaintiff" or "Bloomquist") Motion for Judgment on the Pleadings are currently pending before the court. (ECF No. 65; ECF No. 68.)

### STANDARD OF REVIEW

The court is mindful that Mr. Bloomquist proceeds without legal representation. Indeed, a pro se litigant's pleadings should be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g., Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003). That said, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon,* 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). When reviewing a dismissal motion, the "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.,* No. 22-cv-00118-DBB-DAO, 2020 U.S. Dist. LEXIS 247043, at * 4 (D. Utah Dec. 17, 2020), report and recommendation adopted, No. 22-cv-118-DBB-DAO, 2021 U.S. Dist. LEXIS 4215 (D. Utah Jan. 8, 2021) (*citing Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013)).

## **MOTION TO DISMISS**

Defendant motions for dismissal of Plaintiff's claims for failure to meet Rule 8 pleading requirements and failure to state a claim. In response, Plaintiff filed a single document asserting both his objections to dismissal and raising his own Motion for Judgment on the Pleadings. (ECF No. 68.)

Pursuant to the Local Rules of Practice for the District of Utah, a party may not file a response and a motion in the same document. *See* DUCivR 7-1(a)(3)("A party may not make a motion, . . .in a response or a reply. Any motion must be separately filed."). Consequently, the court considers only those arguments relevant to Bloomquist's objection. If Plaintiff intends to pursue a Motion for Judgment on the Pleadings, he must do so in a separate filing. Further, to the extent that Plaintiff's response contains new factual allegations, separate and apart from those set

2

forth in the complaint, the court will not consider amended allegations raised for the first time in briefing on Defendant's motion to dismiss. *See Lehenky v. Toshiba Am. Energy Sys. Corp.,* 2022 U.S. Dist. LEXIS 30344, at *11 ftn. 3 (E.D. Penn Feb. 22, 2022) ("Pleadings may not be amended via briefing on a motion."); *but cf., Cannizzo v Lab Corp. of Am.,* 2008 U.S. Dist. LEXIS 204, at *10 ftn. 4 (D. Colo. Jan. 3, 2008) ("While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to amotion to dismiss if they were consistent with the facts and theories advanced in the complaint, . . . a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint.").

**Plaintiff's Complaint Fails Under Federal Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction. . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a); *see also Roberts v. Stitt,* 2022 U.S. Dist. LEXIS 238106, at * 3 (W.D. Okla., Dec. 23, 2022) (*citing Iqbal,* 556 U.S. at 678) (a complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'")). Rule 8 "serves the important purpose of requiring plaintiffs to state their claim intelligibly so as to inform the defendants of the legal claims being asserted" against them. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Twombly,* 550 U.S. at 555 (alteration in original) (citation omitted) (a complaint must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.")).

Plaintiff's allegations against the State of Utah do not satisfy Rule 8 pleading requirements. Indeed, all of Plaintiff's claims appear directed at individual defendants Leonard Isaacson, Mark Watkins, Kimberlee Kay and Nathan Simper, and there is no discernable cause

3

of action directly attributable to Defendant State of Utah. Moreover, to the extent Plaintiff asserts that he raised claims against the State, those claims fail to comport with Rule 8 because they are not discernable and fail to provide fair notice regarding the claim itself and the grounds therefor. *See Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (*quoting Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'")).

### 2. State of Utah Is Not A Person Under Section 1983

Section 1983 creates a civil action against "[e]very *person* who under color of any statute . . . of any State or Territory or the District of Columbia" deprives another of rights protected by the Constitution." 42 U.S.C. § 1983 (emphasis added). The statute refers to a cause of action against a "person" and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't. of State Police,* 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989); *Harris v. Campion,* 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Cheek v. Garrett,* 2011 U.S. Dist. LEXIS 23512, at *12 (D. Utah Mar. 8, 2011).

As discussed above, Plaintiff's claims focus on the individually named defendants and in his objection Bloomquist fails to address his failure to state a claim or the argument that the State of Utah is not a "person" under Section 1983. Nevertheless, no such argument could be advanced since, as a matter of law, the State of Utah is not a "person" for purposes of § 1983 and no § 1983 claims can be brought against the State. Accordingly, the State of Utah is not a proper defendant and dismissal of Defendant is appropriate for failure to state a claim.

## RECOMMENDATION

Plaintiff has not alleged any actions by the State of Utah and the State is not a person for purposes of § 1983. Accordingly, for the reasons stated, the Court RECOMMENDS that Defendant State of Utah's Motion to Dismiss be GRANTED. (ECF No. 65.) Further, Plaintiff's Motion for Judgment on the Pleadings must be filed as a separate motion and, in its current format, is DENIED WITHOUT PREJUDICE. (ECF No. 68.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED: March 7th, 2023.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge