IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DARRELL BLOOMQUIST,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF UTAH,** *et. al.*,<br><br>**Defendants.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:22-CV-659-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Plaintiff's Motion to Vacate Dismissal and Reinstate Civil Case [ECF No. 90]. The court terminated this action because Plaintiff filed a "Demand for Dismissal" of this action stating that his request for dismissal was pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) for voluntary dismissal and Defendants filed a stipulation to that dismissal. Plaintiff now asks the court to reopen his case.

      A voluntary dismissal is a final judgment. *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009). The court can reopen and set aside the judgment based on Rule 60(b) of the Federal Rules of Civil Procedure. *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989). Plaintiff's "Demand for Dismissal" clearly demanded dismissal, and Plaintiff's Motion to Vacate does not ask for relief from judgment based on mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. In response to Defendants' opposition to his Motion to Vacate, Plaintiff states that "Defendants' failure to appear at Federal Court Ordered Pre-trial Conference

/w/as due to both reason-able mist/take and e(x)usable neg/lect, if argued under Fed. R. Civ. P. 60(b)(1)."  (ECF No. 92 at 2) (grammatical errors in original). This is Plaintiffs' only reference to Rule 60(b) and it does not provide any explanation for why his voluntary dismissal should be set aside. Plaintiff has not demonstrated that his dismissal was involuntary.  *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (10th Cir. 2001) (affirming denial of motion to set aside judgment where plaintiff "offers no persuasive evidence that her dismissal was involuntary"); *see also Schmier*, 569 F.3d at 1243 ("[T]here is no basis to reverse the district court's denial of his motion to set aside his voluntary dismissal.").

Accordingly, the court denies Plaintiff's Motion to Vacate Dismissal and Reinstate Civil Case [ECF No. 09].

DATED this 17th day of October 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge